**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10109 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00502-MMC-1 |
| v. | |
| GALE JOSEPH YOUNG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued July 10, 2013; Submitted April 22, 2014
San Francisco, California

Before: FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Gale Joseph Young contends that the district court erred by admitting the

testimony of the government's DNA analyst.

Expert testimony is admissible under Federal Rule of Evidence 702 if it is

both relevant and reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

463 (9th Cir. 2014) (en banc).  The trial court must exclude scientific testimony "that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable."  *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003) (order), *overruled in part on other grounds by Estate of Barabin*, 740 F.3d at 467. Although this inquiry is flexible and need not take any particular form, *see Kumho Tire v. Carmichael*, 526 U.S. 137, 142 (1999); *United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000), "some reliability determination must be apparent from the record before we can uphold a district court's decision to admit expert testimony," *Mukhtar*, 299 F.3d at 1066 (internal quotation marks and alterations omitted); *see also Estate of Barabin*, 740 F.3d at 464.  Alternatively, where the district court has failed to make these determinations, if we "decide[] the record is sufficient to determine whether expert testimony is relevant and reliable," we "may make such findings."  *Estate of Barabin*, 740 F.3d at 467.

Here, no reliability determination is apparent from the record.  The district court conducted a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), but the transcript of that hearing reflects no specific determination as to whether and why the government's DNA expert testimony was reliable.

Among other challenges to the reliability of the DNA evidence, Young argued that the DNA evidence in this case was unreliable because the laboratory performed low-copy number DNA testing. Before the district court, the parties disputed both the definition of the term low-copy number and whether the testing in this case would meet the definition. There was also conflicting evidence before the district court as to whether the DNA matching the defendant's profile was a major or minor contributor to the sample, which could make a difference as to the reliability of the DNA analysis. One of the government's experts seemed to view the defendant as a major contributor. The district court did not determine whether the government expert's opinions were reliable as to either of these issues or otherwise resolve these factual disputes.

Instead, the district court observed that the parties had pointed to a scientific debate about how best to analyze DNA samples of the type used in this case. The court ruled not that the government's evidence was reliable, but only that it would admit the evidence because none of the scientific researchers involved in that debate were "being ridiculous in their general approach." Not being ridiculous is not synonymous with being reliable. As the district court did not make any determination on the record that the particular expert who testified in this case had used valid methods and would offer reliable testimony, it "failed to assume its role

3

as gatekeeper" under Rule 702 and *Daubert*. *Estate of Barabin*, 740 F.3d at 463-64.

Further, the record is insufficient for us to determine if the expert testimony is reliable and relevant. Among other things, we cannot determine from the record before us whether the DNA matching the defendant's profile was a major or minor contributor to the sample, and whether the testing here would qualify as low-copy number. And, although the government's witness testified that he took steps to deal with any low-copy number DNA, the record is insufficient to determine whether those methods were scientifically valid. Accordingly, "[w]e cannot speak to the admissibility of the expert testimony at issue here because the record before us is too sparse to determine whether the expert testimony is relevant and reliable." *Id.* at 467. "We can only say with certainty that the district court erred by failing to make that determination." *Id.*

"When we conclude evidence has been improperly admitted, we consider whether the error was harmless." *Id.* at 464 (internal quotation marks and citation omitted). We conclude that it was not. Without the DNA evidence, the circumstantial evidence and witness testimony against Young was weak. The government argued to the jury that Young could be convicted on the strength of the DNA evidence alone. We cannot say, therefore, that "it is more probable than not

4

that the jury would have reached the same verdict even if the evidence had not been admitted." *Id.* at 465 (internal quotation marks and citation omitted). Therefore, we must reverse Young's conviction and remand for a new trial. *Id.* at 466-67; *see also United States v. Christian*, No. 12-10202, slip op. at 16-18 (9th Cir. April 17, 2014).

We need not and do not reach any of the other issues that Young raised on appeal.

**REVERSED.**